UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JONATHAN B. ADAMS,

                              Plaintiff,                    **COMPLAINT**

          -against-                                         Docket No.:

KINGS & QUEENS HOLDINGS LLC, and
GUTMAN FIRM, BAKER & SONNENFELDT,
P.C.,

                              Defendants.                   **JURY TRIAL**
                                                            **REQUESTED**
----------------------------------------------------------------X

      Plaintiff, **JONATHAN B. ADAMS** ("Plaintiff"), by his attorneys,

**MADUEGBUNA COOPER LLP**, for his complaint herein alleges:

## I.    THE NATURE OF THIS ACTION

    1.    This is an action for injunctive relief, declaratory judgment and money

damages to remedy the unlawful, deceitful, fraudulent, and malicious unwarranted

attempts to collect a falsely manufactured debt in violation of the Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and the unlawful interference of

property in violation of N.Y. Gen. Bus. Law § 349(a) (McKinney), and the common

law.

    2.    This action is about the abusive, deceptive, and unfair debt collection

practices by the debt collector-Defendants and their unlawful conversion of Plaintiff's

assets.

3.      As a result of Defendants' unlawful and deceitful actions, Plaintiff's property was encumbered, specific funds removed from his bank account, and he suffered other incidental damages flowing from Defendants' unlawful actions.

## II.   <u>JURISDICTION AND VENUE</u>

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1343.

5.      This Court has supplemental jurisdiction over the State causes of action pleaded herein.

6.      Venue is proper as the underlying harms complained of in this suit occurred in this Court's jurisdiction.

## III.  <u>PARTIES</u>

7.      Plaintiff, Mr. Jonathan B. Adams ("Plaintiff"), is currently a resident of 3540 Tulip Drive, Yorktown Heights, County of Westchester, State of New York.

8.      Prior to this, and at all relevant times, Plaintiff lived at 501 Underhill Avenue, Yorktown Heights, County of Westchester, State of New York.  This was Plaintiff's sole residence and he had no other property interest in another other residence.

9.      Defendant Kings & Queens Holdings LLC ("Kings & Queens") is a property management company and landlord that offers apartment rentals (primarily) in the boroughs of Brooklyn and Queens in the City of New York.

10.    Kings & Queens has two principle offices: one located at 1611 Sheepshead Bay Rd., Brooklyn, NY 11235, and the other located at 97-77 Queens Blvd., Rego Park, NY 11374.

11.    Upon information and belief, Kings & Queens either used to be incorporated as "Cornell Leasing LLC" or bought an entity with that name.

12.    Gutman, Mintz, Baker & Sonnenfeldt, P.C. ("Gutman firm") is a law firm that specializes in, *inter alia*, recovery and debt collections.

13.    Gutman firm has a principle office at 813 Jericho Turnpike, New Hyde Park, N.Y. 11040.

### IV.    FACTS COMMON TO ALL CAUSES OF ACTION

*Without Being Given Any Prior Notice, On December 22, 2014, Plaintiff Learns From His Bank That Defendants Have Secured a Judgment Against Him*:

14.    On December 22, 2014, Plaintiff received a letter from his bank, JPMorgan Chase ("Chase"), that it had received a Writ of Execution – specifically, a Property Execution with Notice to Garnishee from a New York Marshal pursuant to N.Y. CPLR 5232(a) –  to enforce a legal judgment against him in the amount of $9,281.07 (the "Garnishment").

15.    As a result of the Garnishment, Chase turned over $1,004.68 to Defendant Kings & Queens.

16.    The Garnishment resulted from Plaintiff's alleged default in the action *Kings & Queens Holding LLC v. Jonathan Adams*, CV-036492-12, New York City Civil Court, which was originally commenced on behalf of Defendants Kings & Queens and CORNELL LEASING LLC, on November 28, 2012, by its attorneys Defendant Gutman firm (the "Debt Collection Action").

17.    Prior to December 22, 2014, however, Plaintiff was never made aware that a lawsuit to recover an alleged debt was pending against him.

18.    Indeed, prior to December 22, 2014, Plaintiff was never made aware that he owed any debt to Kings & Queens; that is Plaintiff did not receive any communication whatsoever from either of the Defendants prior to receiving the December 22, 2014 letter from Chase notifying him of the Garnishment.

19.    Nevertheless, Defendants averred that they served the Debt Collection Action on Plaintiff in February 2013 at his residence of 501 Underhill Ave., Yorktown Heights, N.Y. 10598.

20.    This was false as Plaintiff had moved from this residence in late 2011 to his current residence and updated his changed address with the New York Department of Motor Vehicles in November 2011; thus, even a cursory investigation would have revealed Plaintiff's true residence.

21.    After learning of the Debt Collection Action for the first time in December 22, 2014, Plaintiff retained counsel.

22.     In January 2015, Plaintiff's counsel filed a motion seeking to vacate the default judgment against Plaintiff and dismiss the case alleging, *inter alia*, deficient service, excusable neglect, theft, and Kings & Queens's lack of standing.

23.     On September 28, 2015, due to the non-appearance of Kings & Queens's process server, Hon. Richard J. Montelione, Civil Court Judge (NYC), dismissed the Debt Collection Action without prejudice, and vacated the judgment and post-judgment enforcement against Plaintiff.

24.     Defendants have since returned all funds unlawfully seized from Plaintiff to him, but without interest and without reimbursing Plaintiff for the time and money spent vacating the default judgment against him.

*Plaintiff Never Owed Any Debt to Defendant Kings & Queens, And The Facts Suggest That Defendants Always Knew This*

25.     The alleged basis for the Debt Collection Action was for rent due on an apartment, located at 605 New York Ave., Apt. 1J, Brooklyn, NY, that Plaintiff allegedly leased from Defendant Kings & Queens in 2009 (the "Brooklyn Apartment").

26.     Plaintiff never signed a lease for the Brooklyn Apartment.

27.     The landlord for the Brooklyn Apartment was listed as Cornell Leasing LLC.

28.     Rather, Plaintiff, during the year of 2009, lived at 501 Underhill Avenue, Yorktown Heights in the County of Westchester; he had no other residences.

29.      After learning of the Debt Collection Lawsuit, Plaintiff obtained a copy of the alleged lease agreement that Defendants claimed he executed.

30.     Plaintiff learned that the executed lease agreement did not contain his signature, rather someone else's.

31.     Plaintiff called Defendant Gutman firm three times in late-December 2014 to try and explain that he never signed the Brooklyn Apartment Lease.

32.     All three times that he called Defendant Gutman firm, he left voicemail messages explaining that he was not, in fact, the signatory to the Brooklyn Apartment Lease, but rather lived at 501 Underhill Avenue, in the County of Westchester to be close to his family.

33.     Upon information and belief, Defendants did nothing to verify whether the signatory to the Brooklyn Apartment Lease was, in fact, Plaintiff.

34.     Upon information and belief, it is industry practice to verify the identity of a potential tenant through a simple background check and/or credit history check.

35.     This is not the first time that Defendant Gutman Firm tried to collect payment from the wrong person.[1]

36.     In January 2015, Plaintiff's counsel provided proof to Defendants that Plaintiff, in fact, never lived at the Brooklyn Apartment nor signed any lease for it.

37.     This proof consisted of:

a. A letter from his mortgage broker dated May 11, 2005 that referenced his then-property at 359 East 68th Street in Manhattan;

b. An e-mail from a contractor regarding work to be done on Plaintiff's residence located at 501 Underhill Avenue;

c. Letters dated August 10, 2008 and 2009 from his insurance provider that was addressed to his then-residence located at 501 Underhill Avenue;

d. An estimate from a contractor dated August 20, 2008, which was addressed to Plaintiff's then-residence at 501 Underhill Ave.;

e. A notice from the IRS dated August 29, 2012 addressed to a P.O. box that Plaintiff had in Yorktown Heights;

f. An overpayment notice from the New York State Department of Taxation and Finance sent to his Yorktown Heights P.O. Box on May 4, 2014; and,

g. A Certificate of Release of Federal Tax Lien from the IRS, dated October 12, 2014, which listed Plaintiff's residence as "501 Underhill Ave., Yorktown HTS, NY 10598-5423".

38.   Notwithstanding this proof, Defendants continued to prosecute the case against Plaintiff.

---

[1] *See, e.g.*, *Autumn Ct., LLC v. Salcedo*, 930 N.Y.S.2d 173 (N.Y. App. Term. 2011).

39.     Upon information and belief, Kings & Queens never verified the signature of whomever signed the lease for the Brooklyn Apartment.

40.     As a proximate result of Defendants' unlawful actions, Plaintiff has suffered, continues to suffer, and will suffer significant monetary loss and damages, such as interest on the money unlawfully taken from him by Defendants, time and money spent on vacating the default order against him, and other incidental costs.

41.     As a further proximate result of Defendants' unlawful actions, Plaintiff has suffered and continues to suffer from severe emotional distress, lasting embarrassment, humiliation and anguish, as well as other incidental and consequential damages and expenses.

42.     The conduct of Defendants, and those acting in concert with them, was outrageous and malicious, was intended to and did injure Plaintiff, and was carried out with reckless indifference to Plaintiff's protected rights, thereby entitling him to punitive damages.

43.     Plaintiff has no complete, plain, clear or adequate remedy at law.

44.     Defendants must be restrained from further retaliation against Plaintiff and directed to cease and desist from their unlawful acts against Plaintiff.

45.     The unlawful acts, taken by and on behalf of Defendants, against Plaintiff continue.

46.     Plaintiff believes that the unlawful acts against him, taken by and on behalf of Defendants, will continue until this Court, by injunction and/or its judgment, compels otherwise.

### AS AND FOR A FIRST COUNT
### (Violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*)

47.     Plaintiff hereby repeats and realleges each allegation in each numbered paragraph above.

48.     Plaintiff is a "consumer" as that term as been defined under the FDCPA since he was the object of efforts to collect rental arrears, which is considered consumer debt.

49.     Defendants are "debt collectors" as that term as been defined under the FDCPA since they regularly engage in debt collection actions.

50.     Defendants engaged in acts and/or omissions in violation of the FDCPA by using unfair and unconscionable conduct in order to collect a debt against Plaintiff that he never incurred.

51.     Specifically, Defendants engaged in unfair and unconscionable conduct because they:

      i.      Upon information and belief, forged Plaintiff's signature on the Brooklyn Apartment lease or showed reckless disregard by not taking any steps to verify the identity of the signatory;

     ii.    Failed to provide Plaintiff any notification that they intended to collect from him;

    iii.    Falsely told the *Kings & Queens Holding LLC v. Adams* Court that they properly served Plaintiff in order to secure a default judgment and subsequent garnishment against Plaintiff;  and,

    iv.    Refused to drop the Debt Collection Action even after Plaintiff proved that he was not the signatory to the Brooklyn Apartment lease.

52.    By reason of the foregoing, Plaintiff has suffered loss and damage in an amount to be determined at trial.

## AS AND FOR A SECOND COUNT
### (Violations of N.Y. Gen. Bus. Law § 349(a))

53.    Plaintiff hereby repeats and realleges each allegation in each numbered paragraph above.

54.    The consumer-orientated transaction at issue here is the supposed singing of the Brooklyn Apartment lease.

55.    Defendants utilized deceptive acts – namely, by obtaining a default judgment against Plaintiff while knowing that they never provided him notice – in order to injury Plaintiff by garnishing his bank account.

56.     By reason of the foregoing, Plaintiff has suffered loss and damage in an amount to be determined at trial.

## AS AND FOR A THIRD COUNT
### (Common Law Conversion)

57.     Plaintiff hereby repeats and realleges each allegation in each numbered paragraph above.

58.     At all times, Defendants had no right to Plaintiff's property as Plaintiff never owed a debt to Defendants.

59.     Nevertheless, due to deceitful means and fraudulent representations made to the  *Kings & Queens Holding LLC v. Adams* Court, Defendants interfered with Plaintiff's right to the specific funds located in his Chase bank account by garnishing it and seizing over $1,000 from it.

60.     As a proximate result of Defendants' actions, although he has been returned the money taken from his Chase bank account, he has lost interest on said money.

61.     As a further proximate result of Defendants' actions, Plaintiff has had to spend time and money on vacating Defendants' default judgment against him.

62.     By reason of the foregoing, Plaintiff has suffered loss and damage in an amount to be determined at trial.

## AS AND FOR A FOURTH COUNT
### (Common Law Malicious Prosecution)

63.    Plaintiff hereby repeats and realleges each allegation in each numbered paragraph above.

64.    Defendants had all times knew that Plaintiff was not the actual signatory to the Brooklyn Apartment lease, or showed such reckless disregard in verifying the signatory's true identity so to constitute malice.

65.    Although Defendants knew that they had no true cause of action against Plaintiff, because Plaintiff never contracted with Defendant Kings & Queen, they still instituted legal proceedings against him.

66.    As a proximate cause of Defendants' actions, Plaintiff suffered special damages in that Defendants unlawfully imposed a highly substantial and identified interference with his property – his Chase bank account.

67.    The original lawsuit brought against Plaintiff ended in failure because Plaintiff was never served process, which Defendants knew even before prosecuting their case against him, and despite of this.

68.    By reason of the foregoing, Plaintiff has suffered loss and damage in an amount to be determined at trial.

## AS AND FOR A FIFTH COUNT
### (Common Law *Prima Facie* Tort)

69.     Plaintiff hereby repeats and realleges each allegation in each numbered paragraph above.

70.     Defendants intentionally inflicted harm on Plaintiff by seizing and encumbering his assets, despite knowing they were not entitled to them.

71.     As a proximate cause of Defendants' actions, Plaintiff suffered special damages in that Defendants unlawfully imposed a highly substantial and identified interference with his property – his Chase bank account.

72.     Defendants had no good-faith belief that they were entitled to such actions.

73.     By reason of the foregoing, Plaintiff has suffered loss and damage in an amount to be determined at trial.

## PUNITIVE DAMAGES

74.     By reason of the wanton, unrepentant, reckless and egregious conduct of Defendants herein above alleged Plaintiff claims punitive damages.

**WHEREFORE,** Plaintiff prays that this Court grant him judgment containing the following relief:

a.      Impanel a jury to hear Plaintiff's claims;

b.      Grant plaintiff preliminary and permanent injunctions, prohibiting the

defendants, their agents, successors, employees,  and those acting in

concert with them and at their direction from engaging in any of the

practices set forth above and any other practice shown to be unlawful

or otherwise interfering with Plaintiff's rights secured by law;

c.      Establish an imposed oversight and monitoring of the activities of

Defendants to prevent future unlawful acts;

d.      Establish a mechanism for the enforcement of the injunctions by

requiring the Defendants to present to the Court within 30 days of the

issuance of the injunction, a plan showing precisely and in detail how

they will comply with the Court's order and that they cease and desist

violating Plaintiff's rights under the law and other persons similarly

situated;

e.      An award of damages in an amount to be determined upon the trial of

this matter to compensate Plaintiff for his monetary loss and damages,

including attorneys' fees and costs incurred in challenging Defendants'

actions in State court;

f.      An award of damages to compensate Plaintiff for mental anguish, humiliation, embarrassment, and emotional injury for each applicable cause of action;

g.      An award of damages in an amount to be determined upon the trial of this matter to compensate plaintiff for violations of his rights under the FDCPA, 15 U.S.C. § 1692 *et seq*., and the unlawful interference of property in violation of N.Y. Gen. Bus. Law § 349(a), and the common law;

h.      Directing the Defendants to take all reasonable steps to clear Plaintiff's name and credit score;

i.      An award of punitive damages to be determined at the time of trial for each cause of action;

j.      An award of reasonable attorneys' fees and costs related to plaintiff's claims under the FDCPA and N.Y. Gen. Bus. Law § 349(a); and,

k.      Such other and further relief as this Court may deem just and proper.

Dated:    New York, New York
              December 17, 2015

                                  Respectfully Submitted,

                                    SAMUEL O.  MADUEGBUNA, ESQ.
                                  **MADUEGBUNA COOPER LLP**
                                  Attorneys for Plaintiff
                                  JONATHAN B. ADAMS
                                  30 Wall Street, 8th Floor
                                  New York, New York 10005
                                  (212) 232-0155

TO:   DEFENDANTS

       KINGS & QUEENS HOLDINGS LLC
       1611 Sheepshead Bay Rd.
       Brooklyn, New York 11235

       GUTMAN FIRM, BAKER & SONNENFELDT, P.C.
       813 Jericho Turnpike
       New Hyde Park, New York 11040

- 16 -

*UNITED STATES DISTRICT COURT*
*SOUTHERN DISTRICT OF NEW YORK*                              *Docket No.:*

-------------------------------------------------------------------------------------------------------------------

*JONATHAN B. ADAMS,*

*Plaintiff,*

*-against-*

*KINGS & QUEENS HOLDINGS LLC, and GUTMAN FIRM, BAKER & SONNENFELDT, P.C.,*

*Defendants.*

-------------------------------------------------------------------------------------------------------------------

*COMPLAINT AND JURY DEMAND*

-------------------------------------------------------------------------------------------------------------------

*Signature (Rule 130-1.1-a)*

_____

*Print name beneath   SAMUEL O. MADUEGBUNA, ESQ.*

*Yours, etc.*

*MADUEGBUNA COOPER LLP*
*Attorneys for Plaintiff*
*30 Wall Street, 8th Floor*
*New York, New York 10005*
*(212) 232- 0155*

*To: All Counsel of Record*

*Service of the within is hereby admitted on*
_____

*Attorneys for*